**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ANTHONY HENRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:14-cv-0116-WTL-WGH |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order Dismissing Action**

**I.**

**A.**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). A viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

When the challenged custody results from a prison disciplinary proceeding, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

**B.**

In the present case, Anthony Henry seeks a writ of habeas corpus pertaining to a disciplinary proceeding identified as No. ISF 14-01-102, wherein he was charged with and found guilty of violating prison rules through his possession or use of an unauthorized substance.

Viewing the evidence most favorably to the finding of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), on the morning of January 14, 2014, Lt. B. West open the door to a cell at the Putnamville Correctional Facility, an Indiana prison. Henry was behind that door and West saw Henry immediately turn away. West called Henry's name and "clearly observed" Henry place something onto bed 12S 47UD. West step toward that bed and removed a plastic bag containing three smaller plastic bags containing which held a green leafy substance. The larger plastic bag was seized and its contents tested positive for marijuana.

Using the protections recognized in *Wolff* and *Hill* as an analytical template, Henry received all the process to which he was entitled. That is, the charge was clear, adequate notice

was given, and the evidence was sufficient. In addition, (1) Henry was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer and reviewing authority issued sufficient statements of their findings, and (3) the hearing officer issued a written reason for his decisions and for the sanctions which were imposed. Henry's contentions otherwise are either irrelevant to the charge or refuted by the expanded record. He is not entitled to relief based on them.

## C.

The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Henry to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

IT IS SO ORDERED.

Date: 08/14/2014

Distribution:

ANTWAN HENRY
901577
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana